1  ARAVIND SWAMINATHAN (*pro hac vice forthcoming*)
   aswaminathan@orrick.com
2  REBECCA HARLOW (STATE BAR NO. 281931)
   rharlow@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   401 Union Street
4  Suite 3300
   Seattle, WA  98101-2668
5  Telephone:  +1 206 839 4300
   Facsimile:   +1 206 839 4301
6
7  Attorneys for Defendant
   MICRON TECHNOLOGY, INC.
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11
12 | SONYA VALENZUELA, individually | Case No. |
   | and on behalf of all others similarly situated, | |
13 | | **NOTICE OF REMOVAL** |
   | Plaintiff, | |
14 | | |
   | v. | |
15 | | |
   | MICRON TECHNOLOGY, INC., a | |
16 | Delaware corporation d/b/a | |
   | WWW.CRUCIAL.COM, | |
17 | | |
   | Defendant. | |
18

TO:   THE CLERK OF THE COURT

AND TO:   PLAINTIFF THROUGH HER COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Defendant Micron Technology, Inc. ("Micron"), by and through its undersigned counsel hereby removes to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005, the above-captioned action, which was originally filed in the Superior Court of the State of California, County of Los Angeles, and assigned Case No. 23STCV17448.  Prior to filing this Notice of Removal, Micron met and conferred with counsel for Plaintiff Sonya Valenzuela, who indicated that Plaintiff does not intend to contest removal of this action.

In support of this Notice of Removal, Micron states as follows:

## BACKGROUND

1. On July 25, 2023, Plaintiff Sonya Valenzuela ("Plaintiff") commenced this action in Los Angeles County Superior Court by filing a Class Action Complaint entitled *Sonya Valenzuela, individually and on behalf of all others similarly situated, v. Micron Technology, Inc., a Delaware corporation d/b/a www.crucial.com*.

2. Plaintiff served the Class Action Complaint on Micron's registered agent on July 28, 2023.  Micron has not yet responded to the Complaint.  Copies of the docket and all process, pleadings, and orders filed in this action are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

3. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the California Superior Court for the County of Los Angeles, as an exhibit to a Notice of Filing of Notice of Removal.

4. Plaintiff has brought this action against Micron pursuant to the California Invasion of Privacy Act, Cal. Penal Code §§ 631(a) and 632.7; the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; and for invasion of privacy and intrusion upon seclusion.

# JURISDICTION

5. This action is removable pursuant to 28 U.S.C. § 1441, which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants U.S. District Courts original jurisdiction over, and permits removal of, class actions in which: (i) any member of a class of plaintiffs is a citizen of a State different from any defendant (minimal diversity); (ii) the defendant is not a governmental entity; (iii) the proposed class contains at least 100 members; and (iv) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

6. "[N]o antiremoval presumption attends cases invoking CAFA . . . in part because the statute was enacted to facilitate adjudication of certain class actions in federal court." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93 (9th Cir. 2022). As set forth below, this case meets all the requirements for jurisdiction under CAFA.

**Minimal Diversity of Citizenship**

7. Minimal diversity exists in this case because at least one plaintiff or putative class member is a citizen of a different state than any defendant.

8. Plaintiff alleges that she "is a resident of California." Compl. ¶ 3.

9. Plaintiff seeks to represent a class of "[a]ll persons within the state of California who within the statute of limitations period: (1) visited Defendant's website; and (2) were exposed to the wrongful conduct described [in the Complaint]." Compl. ¶ 39. Micron is informed and believes that the vast majority, if not the entirety, of the proposed class members are citizens of California. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (allegations of citizenship may be based solely on information and belief).

10. Plaintiff accurately alleges that Micron "is a Delaware corporation with its principal place of business in Idaho." Compl. ¶ 4.

11. Accordingly, there is minimal diversity of citizenship among the parties under CAFA. 28 U.S.C. § 1332(d)(2).

**Micron Is Not a Governmental Entity**

12. Micron is not a State, State official, or other government entity.

**The Proposed Class Exceeds 100 Members**

13. The Complaint states that "Plaintiff does not know the number of Class members but believes the number to be in the tens of thousands." Compl. ¶ 40. Accordingly, the proposed class is greater than the 100-member threshold for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(5)(B).

14. The amount in controversy is the amount at stake in the underlying litigation. *Jauregui*, 28 F.4th at 994. Importantly, this "does not mean likely or probable liability; rather, it refers to possible liability." *Id.* (citation omitted).

15. "[A] defendant's notice of removal need include only a plausible allegation" that the requirements of CAFA are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is required only when the plaintiff contests or the court questions a defendant's assertion. *Id.*

16. Micron denies the validity and merit of Plaintiff's alleged claims and disputes that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23. But for purposes of establishing the grounds for this Court's subject matter jurisdiction – and without conceding that Plaintiff or the putative class are entitled to any damages or any relief whatsoever – it is apparent from the Complaint that Plaintiff seeks sufficient damages on behalf of herself and the class to satisfy CAFA.

17. The Complaint asserts that Plaintiff and the putative class are entitled to "statutory damages" on the two causes of action under the California Invasion of Privacy Act (CIPA), *see* Compl. ¶¶ 52, 59, and asks that the Court award "statutory, actual, and punitive damages," *id.* Prayer for Relief ¶ 5. Under CIPA, statutory

damages are the greater of three times actual damages or $5000. Cal. Pen. Code § 637.2(a).

18. Based on the allegations in the Complaint, the potential amount in controversy exceeds $5,000,000. Specifically, the Complaint alleges that there are "tens of thousands" of putative class members seeking at least $5000 per person in statutory damages. As a result, the amount in controversy is at least $50,000,000: 10,000 class members at minimum times $5000 per class member.

19. Plaintiff also seeks recovery of attorneys' fees and costs. While Micron does not concede that this relief is recoverable under the claims asserted by Plaintiff, the potential award of attorneys' fees and costs can be considered in determining whether the minimum amount in controversy under CAFA is met. *Guglielmo v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Given that an attorneys' fee award in a certified class action could amount to twenty-five percent (25%) or more of the aggregate recovery, this claim for relief increases the amount in controversy by an additional 25%. *See Jasso v. Money Mart Exp., Inc.* No. 11-5500, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

20. Plaintiff's request for injunctive relief also factors into the amount in controversy. "It is proper under CAFA to consider the defendant's cost of compliance with an injunction just as it is proper to consider the plaintiff's benefit from the injunction." *Guerard v. CNA Fin. Corp.*, No. C 09-01801 SBA, 2009 WL 10710608, at *3 (N.D. Cal. July 31, 2009) (citing *Tompkins v. Basic Research LLC*, No 08-cv-244 LHK, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008)). In determining the value of injunctive relief for purposes of the amount in controversy, the Ninth Circuit utilizes the "either viewpoint" rule, under which the amount in controversy is the financial burden the judgment could produce to either party. *Lokey v. CVS Pharmacy, Inc.*, No. 20-CV-04782-LB, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020).

21. Micron denies that it has any liability to Plaintiff, to any putative class

member, or to any other individual(s), and denies that the putative class could be certified for class treatment. Nevertheless, the aggregate amount placed in controversy by Plaintiff's Complaint, including statutory damages, attorneys' fees, and injunctive relief, exceeds $5,000,000.

**NOTICE OF REMOVAL IS TIMELY**

22. This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b), "[e]ach defendant shall have 30 days after . . . service on that defendant of the initial pleading or summons . . . to file the notice of removal." Here, Micron was served on July 28, 2023; it filed this Notice of Removal on August 25, 2023, twenty-eight days after service of the Complaint.

**VENUE FOR REMOVAL**

23. Because this action was initially brought in the Los Angeles County Superior Court, venue for purposes of removal is proper in this Court under 28 U.S.C. § 128(a): this District embraces Los Angeles County, California, the place where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**NOTICE OF FILING OF NOTICE OF REMOVAL**

24. In accordance with 28 U.S.C. § 1446(d), Micron will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Los Angeles County Superior Court.

### CONCLUSION

WHEREFORE, Defendant Micron Technology, Inc., hereby removes this action to this Court for all future proceedings.

Dated: August 25, 2023

ARAVIND SWAMINATHAN
REBECCA HARLOW
Orrick, Herrington & Sutcliffe LLP


By: */s/ Rebecca Harlow*
    REBECCA HARLOW
    Attorneys for Defendant
    MICRON TECHNOLOGY, INC.