| | |
|---|---|
| 1 | ARAVIND SWAMINATHAN (*pro hac vice*) |
| | aswaminathan@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 401 Union Street, Suite 3300 |
| 3 | Seattle, WA 98101-2668 |
| | Telephone:  +1 206 839 4300 |
| 4 | Facsimile:   +1 206 839 4301 |
| 5 | REBECCA HARLOW (STATE BAR NO. 281931) |
| | rharlow@orrick.com |
| 6 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | The Orrick Building |
| 7 | 405 Howard Street |
| | San Francisco, CA 94105-2669 |
| 8 | Telephone: +1 415 773 5700 |
| | Facsimile: +1 415 773 5759 |
| 9 | tfu@orrick.com |
| 10 | THOMAS K. FU (STATE BAR NO. 325209) |
| | tfu@orrick.com |
| 11 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 355 S. Grand Ave., Suite 2700 |
| 12 | Los Angeles, CA 90071-1596 |
| | Telephone: +1 213 629 2020 |
| 13 | Facsimile: +1 213 612 2499 |
| 14 | Attorneys for Defendant |
| | Micron Technology, Inc. |
| 15 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 19 | SONYA VALENZUELA, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-07058-FMO-PVC |
| 20 | | **DECLARATION OF REBECCA HARLOW IN SUPPORT OF DEFENDANT MICRON TECHNOLOGY, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT** |
| 21 | Plaintiff | |
| 22 | v. | |
| 23 | MICRON TECHNOLOGY, INC., a Delaware corporation d/b/a WWW.CRUCIAL.COM, | |
| 24 | | Hearing Date: Sept. 19, 2024 |
| 25 | Defendant. | Time: 10:00 a.m. |
| 26 | | Dept: Courtroom 6D |
| 27 | | Judge: Hon. Fernando M. Olguin |
| 28 | | |

HARLOW DECL. ISO MOT. TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

I, Rebecca Harlow, declare as follows:

I am a member of the California State Bar, admitted to practice before this Court. I am a partner at Orrick, Herrington & Sutcliffe LLP, and counsel of record for Defendant Micron Technology, Inc. ("Micron" or "Defendant"). I make this declaration in support of Micron's Motion Pursuant to Federal Rule of Civil Procedure 12(b)(6) to Dismiss Plaintiff's Second Amended Class Action Complaint ("Motion"). I am familiar with the events, pleadings, and discovery in this action and, if called as a witness, I could and would testify competently to the matters stated herein of my own personal knowledge.

1. In its Order dismissing the First Amended Complaint ("FAC"), the Court instructed Plaintiff to "carefully evaluate the contentions set forth in defendant's Motion" to dismiss the FAC, then file new pleadings "attempting to cure the alleged defects outlined in defendant's Motion." ECF 38 ("Dismissal Order"), at 2.

2. The Dismissal Order also ordered the parties to meet and confer to discuss Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). *Id.* at 3. Accordingly, I spoke with Plaintiff's counsel, Matthew R. Snyder, for approximately 20 minutes via Zoom on July 22, 2024 at 1:30 p.m.

3. In that call, I explained Micron's position that the new factual allegations in the SAC attempted to cure only one of many defects Micron identified in its Motion to Dismiss the FAC, namely, Plaintiff's failure to allege that Salesforce acted as an independent party in accessing her communications, as required for Salesforce to violate Cal. Penal Code § 631(a). Plaintiff's counsel agreed that this was the focus of the SAC's amendments to the FAC and explained that Plaintiff did not expect or intend the SAC to alter the claims or the parties' arguments regarding the other defects in the FAC that Micron's Motion to Dismiss the FAC had identified.

4. Plaintiff's counsel indicated Plaintiff's interest in appealing the Court's Order dismissing Plaintiff's FAC because the arguments regarding the remaining

1. issues would not change, but Plaintiff instead decided to take the opportunity to refine her factual allegations addressing Salesforce's status as an independent party under Cal. Penal Code § 631(a).

5. I then explained Micron's position as to the remaining causes of action in the SAC and the arguments in Micron's Motion to Dismiss the FAC, namely that the new factual allegations in the SAC did nothing to affect the validity of Plaintiff's claims under Cal. Penal Code § 631 (and attempted to add support only for the application of the party exception), the federal Wiretap Act claims under 18 U.S.C. § 2510, *et seq.*, the Cal. Penal Code § 502 claims, and the constitutional and common law invasion of privacy claims. Plaintiff's counsel agreed with this position. I reviewed with counsel the arguments advanced in Micron's Motion to Dismiss the FAC and stated that Micron intended to raise the same arguments in response to the SAC because the additional allegations were irrelevant to such arguments.

6. Plaintiff's counsel indicated Plaintiff's understanding of Micron's position and disagreement with the legal positions that Micron advanced.

7. As a result of the meet-and-confer discussion, it appeared that both parties understood the positions advanced by the other party. However, Micron was unwilling to abandon any of its arguments for dismissal, and Plaintiff was unwilling to concede any basis for dismissal and did not offer any further amendment to the Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of August, 2024, in Berkeley, California.

REBECCA HARLOW